**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X   Case No.
ADRIANNA ADAMS,

                          Plaintiff,                      **COMPLAINT**

          - against -

CARVANA, LLC,                               **PLAINTIFF DEMANDS**
                                                                     **A TRIAL BY JURY**

                          Defendant.
------------------------------------------------------------------------X

Plaintiff ADRIANNA ADAMS ("Plaintiff" or "ADAMS"), by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, against Defendant CARVANA, LLC ("Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. This is a civil action based upon Defendant's violations of Plaintiff's rights guaranteed to her by: (i) the race and color discrimination provisions of **Title VII of the Civil Rights Act of 1964**, as amended ("Title VII"); (ii) the race discrimination provisions of **Section 1981 of the Civil Rights Act of 1866**, 42 U.S.C. § 1981 ("Section 1981"); (iii) the race and color discrimination provisions of the **New York State Human Rights Law**, New York State Executive Law, §§ 292 and 296 *et seq.* ("NYSHRL"); and (iv) any other claim(s) that may be inferred from the facts set forth herein.

2. As set forth below, Plaintiff seeks damages to redress the injuries she has suffered as a result of being **discriminated and retaliated against** by Defendant solely due to her **race and color** and for subjecting Plaintiff to a **hostile work environment**.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises

under 42 U.S.C. § 2000(e) *et seq*.

4. The Court has supplemental jurisdiction over all claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## **PROCEDURAL PREREQUISITES**

6. Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on April 20, 2022.

7. Plaintiff received a Notice of Right to Sue from the EEOC, dated 09/14/2022, with respect to the charges of discrimination described herein. A copy of the Notice is annexed hereto.

8. Plaintiff commenced this action within ninety (90) days of receipt of the Notice of Right to Sue.

## **PARTIES**

9. At all relevant times herein, Adams was and is a resident of the State of New York, Monroe County.

10. At all relevant times herein, Adams was and is an African American, black female.

11. As such, at all relevant times herein, Adams was and is a "person" and an "employee" entitled to protection by the relevant statutes referenced herein.

12. At all relevant times herein, Defendant was and is a foreign business corporation organized under the laws of the State of Arizona, with a principal place of business in Tempe, Arizona.

13. At all relevant times herein, Defendant employed in excess of fifteen (15) employees and is therefore an employer covered by the statutes referenced herein.

## MATERIAL FACTS

A. ADAMS, A BLACK AND AFRICAN AMERICAN FEMALE, IS DISCRIMINATED AND RETALIATED AGAINST BY DEFENDANT ON THE BASIS OF HER RACE AND COLOR.

14. On or about August 10, 2020, Defendant hired Adams as a customer advocate.

15. As a customer advocate for Defendant, Adams was responsible for loading and unloading automobiles and executing contracts with customers for the purchase of automobiles in the State of New York.

16. Adams worked for Defendant's branch office in the State of New York, located at 737 Atlantic Avenue, Rochester, New York, 14609 (the "Branch Office").

17. At all relevant times herein, Adams earned approximately seventeen dollars ($17) per hour from Defendant.

18. Throughout Adams's employment for Defendant, her performance met or exceeded Defendant's expectations.

19. Throughout Adams's employment with Defendant, she was required to comply with provisions of Defendant's employee handbook and code of conduct (the "Carvana Code").

20. The Carvana Code prohibits discrimination by Defendant and its staff on the basis of an employee's race and color.

21. At set forth herein, Defendant materially violated the Carvana Code by promoting and endorsing a hostile work environment against Adams on the basis of her race and color.

22. At all relevant times herein, Defendant's staff at the Branch Office was mostly composed of Caucasians and non-African American individuals.

23. Indeed, Adams at all relevant times herein was one of the only African American, black women working at the Branch Office.

24. On or about September 6, 2020, Adams' co-worker, Terri Hasman ("Hasman"),

commented to Adams that nobody cared about the death of George Floyd.

25. Hasman continued to harass Adams by pointing out that black "looters" were destroying the city of Rochester, New York.

26. Hasman also referred to the black looters as "fuckers."

27. Hasman – at all relevant times herein – employed as a Customer Advocate of Defendant.

28. Thereafter, in our around September 2020, Adams complained of discrimination to Defendant's human resources department.

29. Defendant's human resources department failed to acknowledge, investigate or remedy Hasman's discriminatory conduct against Adams.

30. Indeed, Defendant's human resources department indicated to Adams that if she wanted to "not be around" Hasman, then Adams was required to "change [her] schedule" and "use [her] own personal time to take off if [she] felt distressed."

31. Adams's request to change her schedule to avoid racial discrimination by Hasman was therefore rejected by Defendant.

32. Subsequently, Defendant's staff continued to discriminate and retaliate against Adams on the basis of her race and color.

33. On or about September 6, 2020, Adams's co-worker –Hasman– commented to her that "black people are animals."

34. Furthermore, in or around May 2021 through August 2021, Katie Clement – employed as a Title & Registration Specialist 2 of Defendant ("Clement") – continued to lead the Defendant's efforts to discriminate and retaliate against Adams on the basis of her race and color.

35. During this time, Clement aggressively bombarded Adams with discriminatory questions and comments relating to Adams' race and color.

36. Specifically, in or around June 2021 Clement informed Adams that "my people went through more than black people during slavery."

37. Clement also routinely bragged that her grandparents and parents were racist against African Americans.

38. In or around late June 2021, Clement asked Adams whether "white people" such as herself "[could] say the n-word?"

39. On or about June 22, 2021, Adams vocalized and filed a complaint about her coworkers' discriminatory and retaliatory behavior to Adam Palmer ("Palmer").

40. At all relevant times herein, Palmer was Adams's supervisor and had authority to effect personnel decisions on behalf of Defendant, including but not limiting to, relating to Adams's employment.

41. On around July 8, 2021, Adams also complained to Lauren Colon ("Colon") – a manager for Defendant – regarding the discriminatory conduct against her.

42. At all relevant times herein, Colon was Adams's supervisor and had authority to effect personnel decisions on behalf of Defendant, including but not limiting to, relating to Adams's employment.

43. Defendant's staff, particularly Colon and Palmer, failed to acknowledge, investigate or remedy the hostile work environment and discriminatory conduct referenced in Adams's complaint.

44. In or around July 2021, Adams's also complained to Defendant's human resources department.

45. Thereafter, in or around July 2021, Colon, Adams and a senior manager for Defendant named "Ronnie" attended a Zoom meeting to discuss Adams's complaint.

46. During the meeting, Ronnie and Colon indicated they would "handle" Adams complaint

of discrimination and hostile work environment.

47. However, after the Zoom meeting, neither Ronnie or Colon took any affirmative action to "handle" or otherwise remedy the hostile work environment to which Adams was subjected on a daily basis at Defendant's Branch Office.

48. As a result, thereafter, Defendant's staff persisted a campaign of discriminatory conduct against Adams on the basis of her race and color and subjected her to a hostile work environment.

49. At all relevant times herein, Defendant's management was aware of the campaign of discriminatory conduct against Adams and failed to take any action to remedy or otherwise prevent discrimination against Adams on the basis of her race and color.

50. Adams's complaints of discrimination were completely ignored by Defendant's staff, including by management and its human resources department.

51. Consequently, to avoid the hostile work environment and discriminatory conduct against her, Adams was forced to resign from Defendant on or about August 21, 2021.

52. Rather than investigate the discriminatory conduct against Adams or attempt to remedy the hostile work environment to which Adams was subjected, Defendant's endorsed the discriminatory conduct and hostile work environment against Adams even after Adams's complaints of discrimination.

53. Defendant and its staff, particularly management, each collectively and individually, condoned, ratified, and supported the discriminatory work environment to which Adams was subjected.

54. As a result of the Defendant's actions, Adams was unlawfully treated, humiliated, degraded, victimized, embarrassed, and emotionally distressed.

55. As a result of the acts and conduct complained of herein, Adams has suffered a loss of

income, the loss of a salary/pay, special damages, loss of employment, loss of employment opportunities, loss to benefits and other compensation which such employment entails, and Adams has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

56. As a result of the acts and conduct complained of herein, Adams has suffered and will continue to suffer emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Adams has further experienced severe emotional and physical distress.

57. Defendant's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Adams demands Punitive Damages as against Defendant.

### FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII

58. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. 42 U.S.C. § 2000e-2(a)(1), states in part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

60. As described herein, Defendant discriminated against Plaintiff on the basis of her race and color, in violation of Title VII, by subjecting her to disparate treatment and creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on her status as an African American, black female.

61. As a result of the unlawful discriminatory conduct of Defendant in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional

distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

62. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
## FOR RETALITION UNDER TITLE VII

63. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> [T]o . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

65. As described herein, Plaintiff engaged in protected activities, including but not limited to, making internal complaints regarding discrimination.

66. As described herein, after Plaintiff engaged in activity protected by Title VII, Defendant took adverse actions against Plaintiff which would cause a reasonable employee from making or supporting a similar complaint of discrimination.

67. As a result of Defendant's retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages, as well as past and future lost

wages and benefits and other compensatory damages, and other relief.

68. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER SECTION 1981

69. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70. 42 U.S.C. § 1981 states in relevant part as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

71. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 1981, by discriminating against Plaintiff because of her race (Black).

72. Plaintiff was subjected to negative disparate treatment, discrimination, humiliation, embarrassment, adverse employment actions and loss of employment due to her race.

### FOURTH CAUSE OF ACTION
### FOR RETALIATION UNDER THE NYSHRL

73. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74. By the acts and practices described above, Defendant retaliated against Plaintiff for her opposition to unlawful discrimination under 42 U.S.C. §1981.

75. Defendant acted with malice and/or reckless indifference to Plaintiff statutorily protected rights.

76. Plaintiff is entitled to the maximum amount of damages allowed under this statute.

## FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NYSHRL

77. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

78. Executive Law § 296(1)(a) provides that:

    It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

79. As described herein, Defendant discriminated against Plaintiff on the basis of her race and color in violation of NYSHRL, by subjecting her to disparate treatment and creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, harassment of Plaintiff based on Plaintiff's race and color.

80. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

81. As a result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

82. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton

violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

### SIXTH CAUSE OF ACTION
### FOR RETALIATION UNDER THE NYSHRL

83. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

84. Executive Law § 296 provides that, "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

85. As described herein, Plaintiff engaged in protected activities, including but not limited to, making internal complaints regarding discrimination.

86. As described herein, after Plaintiff engaged in activity protected by the NYSHRL, Defendant took adverse employment actions against Plaintiff that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

87. As a result of Defendant's retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

88. Defendant's unlawful retaliatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

### JURY DEMAND

89. Plaintiff demands a trial by jury on all claims in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII, Section 1981 and the NYSHRL, in that Defendant discriminated against Plaintiff on the basis of her status as an African-American and black female;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injuries to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding pre-judgment and post-judgment interest, as provided by law; and

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Garden City, New York
October 21, 2022

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

_____/s/_____
Jitesh Dudani
Marjorie Mesidor
*Attorneys for Plaintiff*
585 Stewart Avenue, Suite 410
Garden City, New York 11530
T: (212) 248-7431 F: (212) 901-2107
jdudani@tpglaws.com
Mmesidor@tpglaws.com